UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

| | | |
|---|---|---|
| HERBERT ROBB and ZOILA BROWN, ) <br> as Proposed Personal ) <br> Representative of The Estate of ) <br> ALLEN ROBB, for the benefit of ) <br> HERBERT ROBB, and ZOILA BROWN, ) <br> surviving parents; and the Estate of ALLAN ) <br> ROBB ) <br> ) <br> v. ) <br> ) <br> CITY OF WEST PALM BEACH, FL, ) <br> a Political Subdivision of Florida; ) <br> JOSUE TAVERAS, individually; ) <br> KYLE M. ELLIOTT, individually; ) <br> HANNAH L. SKOTZKE, individually; ) <br> Defendants. ) <br> ) | | **Demand for Jury Trial** <br><br><br><br><br><br> CASE NO. 9:23-cv-81392 |

## COMPLAINT

Plaintiff, HERBERT ROBB and ZOILA BROWN, as Personal Representative of the Estate of ALLAN ROBB, for the benefit of HERBERT ROBB, surviving parent, ZOILA BROWN, surviving parent, and the Estate of ALLAN ROB, hereby sue CITY OF WEST PALM BEACH, FL; and JOSUE TAVERAS, KYLE M. ELLIOTT, and HANNAH L. SKOTZKE of the West Palm Beach Police Department ("WPBPD"), in their individual capacity; and as grounds therefore state:

### INTRODUCTION

1. This is an action for money damages brought by the Personal Representative of The Estate of Allan Robb, for the benefit of the surviving parents, Herbert Robb and Allan Robb.

2. This action is brought to vindicate deprivations of Allan Robb's constitutional rights which resulted in his death, caused by police officers of the City of West

1

Palm Beach, Florida ("City") acting with deliberate indifference to the life of Allan Robb and the policy of the West Palm Beach Police Department which led to the Allan Robb's death, in violation of the Fourteenth Amendment.

## JURISDICTION and VENUE

3. This action arises under the Constitution and laws of the United States, including Article III, Section 1 of the United States Constitution and is brought pursuant to 42 U.S.C. §1983 and 42 U.S.C. § 1988. The Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331,1343.

4. This case is instituted in the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. §1391 as the judicial district in which all relevant events and omissions occurred and in which Defendants maintain offices and/or reside.

## PARTIES

5. Plaintiff, Herbert Robb and Zoila Brown are the surviving parents of Allan Robb, deceased, and is the proposed Personal Representative of Alan Robbs' Estate. The Letters of Administration is soon forthcoming under Palm Beach County Circuit Court Case No. 50-2023-CP-004820-XXXA-NB and will be supplemented upon receipt. Because the statute of limitations is set to expire October 17, 2023, this necessitated filing the action without the Personal Representative being duly appointed.

6. The potential beneficiaries of the Estate of Allan Robb in this action and the relationship of each to the decedent are as follows:

   a. Herbert Robb, surviving parent.

   b. Zoila Brown, surviving parent.

     c. Estate of Allan Robb.

7. At all times relevant hereto, and at the time of his death on October 17, 2021, Allen Robb was a citizen of the United States and a resident of the County of Palm Beach and the State of Florida.

8. At all times relevant hereto, and at the time of Allan Robb's death on October 17, 2021, Plaintiff, Herbert Robb, Proposed Personal Representative of the Estate of Allan Robb, was a citizen of the United States and a resident of the City of West Palm Beach, County of Palm Beach, and State of Florida.

9. At all times relevant hereto, The City of West Palm Beach, Florida is a political subdivision for the State of Florida, which operates WPBPD, and was acting under the color of state law.

10. At all times relevant hereto, Defendant JOSUE TAVERAS was an Officer for WPBPD on October 17, 2021, who responded to the scene of the incident involving Allen Robb, who was present near the front door of Alan Robb's residence at the moment when Allen Robb was shot on October 17, 2021. JOSUE TAVERAS was acting under color of state law in their capacity as a law enforcement officer employed by the City.

11. At all times relevant hereto, Defendant KLYE M. ELLIOTT was an Officer for WPBPD on October 17, 2021, who responded to the scene of the incident involving Allen Robb, who was present near the front door of Alan Robb's residence at the moment when Allen Robb was shot on October 17, 2021. KYLE M. ELLIOTT was acting under color of state law in their capacity as a law enforcement officer employed by the City.

12. At all times relevant hereto, Defendant HANNAH L. SKOTZKE was an Officer for WPBPD on October 17, 2021, who responded to the scene of the incident involving Allen Robb, who was present near the front door of Alan Robb's residence at the moment when Allen Robb was shot on October 17, 2021. HANNAH L. SKOTZKE was acting under color of state law in their capacity as a law enforcement officer employed by the City.

## GENENERAL ALLEGATIONS

13. On October 17, 2021, WPBD was called to the residence of Allen Robb and Herbert Robb located at 826 Sunset Road, in West Palm Beach, Florida, in regards to a domestic disturbance.

14. JOSUE TAVERAS, KYLE M. ELLIOTT, and HANNAH L. SKOTZKE, among other officers, responded to the Allan Robb's residence.

15. While there, Allan Robb was carrying a knife in his hand.

16. Upon viewing the knife, HANNAH L. SKOTZKE shot a 40mm rubber bullet at the direction of Allan Robb.

17. Moments later KYLE M. ELLIOTT deployed his taser which connected, and Robb Allan proceeded back inside his residence.

18. Allan Robb then proceeded out of the residence, and JOSUE TAVERAS fired a single shot, striking Allan Robb in the upper chest, which required serious medical attention.

19. All of the WPBPD Officer Defendants were aware that Allan Robb was hit with the gunshot, which is deadly force, and which is an incident that would require serious medical attention.

20. Allan Robb proceeded back inside his residence and closed the door.

21. Herbert Robb, the father of Allan Robb was outside with the WPBPD Officer Defendants and offered them the key to go inside and check on Allan Robb, but with deliberate indifference to the life of Allan Robb, refused to go inside and check on Allan Robb's well-being and did not make medical aid available to Allan Robb within a reasonable time.

22. All of the WPBPD Officer Defendants informed dispatch that shots were fired and a subject was hit.

23. Further Herbert Robb was escorted several yards away from the residence; no longer able to persuade officers to check on Allan Robb.

24. At some point thereafter, the SWAT team was called, and over an hour later after the shooting WPBPD command staff gives authorization for the SWAT team to breach the door for the residence of Allan Robb.

25. Allan Robb was confirmed dead over an hour later after being shot.

26. Paramedics were not utilized until over an hour after Allan Robb being shot in the chest.

27. An autopsy was performed on Allan Robb, where it was discovered that Allan Robb bled to death, after the bullet entered through the upper chest of the clavicle.

28. Had Allan Robb received earlier medical attention, Allan Robb's life would have been preserved, however because he received no medical attention until over an hour later, Allan Robb's lungs filled with blood, and eventually he passed.

29. Upon information and belief, the City's Use of Deadly Force Policy does not require officers who use a firearm during the commission of a seizure, to always immediately make contact for medical aid.

30. Upon information and belief, the City failed to train their officers on identifying circumstances when medical attention is immediately required.

31. Upon information and belief, the City has developed a practice and/or custom that gives their Officers the discretion on when to immediately summons medical attention for individuals who have become affected by deadly force used by their Officers.

**COUNT I. 42 U.S.C. § 1983 – Deliberately Indifferent Policies, Practices, Customs, Training, and/or Supervision Which Lead to Failure to Render Aid to Pre-Trial Detainee in Violation of Robb's Due Process Fourteenth Amendment Rights**
(*Against City of West Palm Beach*)

32. Plaintiff hereby incorporates paragraphs 1 through 31 of this Complaint as if fully set forth herein.

33. This count arises purely out of 42 U.S.C. § 1983 and the fourteenth amendment of the United States Constitution. State law claims of limitations and defenses under state law are not applicable to this count.

34. 42 U.S.C. § 1983 provides that:

    Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress . . .

35. Plaintiff and Allan Robb are/were citizens of the United States and the Defendant City, is a person for purposes of 42 U.S.C. § 1983.

36. The City at all times relevant hereto was acting under the color of state law.

37. Allan Robb had the following clearly established rights at the time of the complained of conduct:

6

  a. The right not to be deprived of life, liberty or property without due process of law under the Fourteenth Amendment; to receive immediate medical attention after being seized.

38. The City knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.

39. The acts or omissions of the City as described herein, with deliberate indifference, deprived Allan Robb of his constitutional and statutory rights and caused his death.

40. The City is not entitled to qualified immunity for the complained of conduct.

41. The City, at all times relevant, were policymakers for WPBPD, and in that capacity established policies, procedures, customs, and/or practices for the same.

42. The City developed and maintained policies, procedures, customs, and/or practices exhibiting deliberate indifference to the due process fourteenth rights of citizens requiring officers to render immediate medical aid, which were moving forces behind and proximately caused the violations of Allan Robb's constitutional and federal rights as set forth herein and resulted from a conscious or deliberate choice to follow a course of action from among various available alternatives.

43. The City has created and tolerated an atmosphere of lawlessness, and has developed and maintained long-standing, department-wide customs, law enforcement related policies, procedures, customs, practices, and/or failed to properly train and/or supervise its officers in a manner amounting to deliberate indifference to the due process fourteenth amendment rights of Allan Robb and of the public.

44. In light of the duties and responsibilities of those law enforcement officers that participate in the use of deadly force, specifically the use of firearms, the need for specialized policy, training and/or supervision is so obvious, and the inadequacy of

policies, training, and/or supervision is so likely to result in the violation of constitutional and federal rights such as those described herein that the failure to provide such specialized training and supervision is deliberately indifferent to those rights.

45. The deliberately indifferent policies, training, and/or supervision provided by the City resulted from a conscious or deliberate choice to follow a course of action from among various alternatives available to the City and were moving forces in the constitutional and federal violation injuries complained of by Allan Robb.

46. As a direct result of the City's unlawful conduct, Allan Robb died, and his survivors have suffered damages in amounts to be determined at trial.

47. As a result of Allan Robb's death, Plaintiff is entitled to recover all damages allowable for violation of 42 USC § 1983 including compensatory damages, all costs incurred in prosecuting this action and attorney's fees pursuant to 42 USC § 1988.

WHEREFORE, Plaintiff Herbert Robb, as Proposed Personal Representative of the Estate of Allan Robb, deceased, for the benefit of his Estate and his statutory survivors, demands judgment for damages against the City for the constitutional violations, civil rights violations, and acts and omissions as set forth herein and for all damages allowed by law including compensatory damages, costs and attorney's fees and further demands trial by jury on all issues so triable.

**COUNT II. 42 U.S.C. § 1983 – Failure to Render Immediate Aid to Pre-Trial Detainee in Violation of Robb's Due Process Fourteenth Amendment Rights**
(*Against Josue Taveras*)

48. Plaintiff hereby incorporates paragraphs 1 through 31 of this Complaint as if fully set forth herein.

49. This count arises purely out of 42 U.S.C. § 1983 and the Fourteenth Amendment of the United States Constitution. State law claims of limitations and defenses under state law are not applicable to this count.

50. 42 U.S.C. § 1983 provides that:

    Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress . . .

51. Plaintiff and Allen Robb are/were citizens and residents of the United States and the Defendants are a person for purposes of 42 U.S.C. § 1983.

52. The Defendants at all times relevant hereto, were acting under the color of state law in their capacity as law enforcement officers for the City and their acts and/or omissions were conducted within the scope of their official duties or employment.

53. At the time of the complained of events, Allan Robb had a clearly established constitutional right under the Fourteenth Amendment to include but not limited to:

    a. The right not to be deprived of life, liberty or property without due process of law under the Fourteenth Amendment; to receive immediate medical attention after being seized.

54. Any reasonable police officer knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.

55. The Defendants had subjective knowledge of a risk of serious bodily harm to Allan Robb after he was shot by Defendant JOSUE TAVERAS.

56. The Defendants disregarded the risk described above when they failed to make medical aid available within a reasonable time after Allen Robb was shot in the chest, but rather medical aid was utilized over an hour after Allen Robb was shot.

57. The failure to make medical aid available within a reasonable time to Allen Rob caused Allen Robb's lungs to be filled with blood, causing his death.

58. As a proximate result of the Defendants' unlawful conduct, Allan Robb died, and his survivors have suffered damages in amounts to be determined at trial.

59. As a result of Allan Robb's death, Plaintiff is entitled to recover all damages allowable for violation of 42 USC § 1983 including compensatory damages, all costs incurred in prosecuting this action and attorney's fees pursuant to 42 USC § 1988.

WHEREFORE, Plaintiff Herbert Robb, as Proposed Personal Representative of the Estate of Allan Robb, deceased, for the benefit of his Estate and his statutory survivors, demands judgment for damages against the Defendant JOSUE TAVERAS for the constitutional violations, civil rights violations, and acts and omissions as set forth herein and for all damages allowed by law including compensatory and punitive damages, costs and attorney's fees and further demands trial by jury on all issues so triable.

**COUNT III. 42 U.S.C. § 1983 – Failure to Render Immediate Aid to Pre-Trial Detainee in Violation of Robb's Due Process Fourteenth Amendment Rights**
(***Against Kyle M. Elliott***)

60. Plaintiff hereby incorporates paragraphs 1 through 31 of this Complaint as if fully set forth herein.

61. This count arises purely out of 42 U.S.C. § 1983 and the Fourteenth Amendment of the United States Constitution. State law claims of limitations and defenses under state law are not applicable to this count.

62. 42 U.S.C. § 1983 provides that:

    Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress . . .

63. Plaintiff and Allen Robb are/were citizens and residents of the United States and the Defendants are a person for purposes of 42 U.S.C. § 1983.

64. The Defendants at all times relevant hereto, were acting under the color of state law in their capacity as law enforcement officers for the City and their acts and/or omissions were conducted within the scope of their official duties or employment.

65. At the time of the complained of events, Allan Robb had a clearly established constitutional right under the Fourteenth Amendment to include but not limited to:

    a. The right not to be deprived of life, liberty or property without due process of law under the Fourteenth Amendment; to receive immediate medical attention after being seized.

66. Any reasonable police officer knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.

67. The Defendants had subjective knowledge of a risk of serious bodily harm to Allan Robb after he was shot by Defendant JOSUE TAVERAS.

68. The Defendants disregarded the risk described above when they failed to make medical aid available within a reasonable time after Allen Robb was shot in the chest, but rather medical aid was utilized over an hour after Allen Robb was shot.

69. The failure to make medical aid available within a reasonable time to Allen Rob caused Allen Robb's lungs to be filled with blood, causing his death.

70. As a proximate result of the Defendants' unlawful conduct, Allan Robb died, and his survivors have suffered damages in amounts to be determined at trial.

**71.** As a result of Allan Robb's death, Plaintiff is entitled to recover all damages allowable for violation of 42 USC § 1983 including compensatory damages, all costs incurred in prosecuting this action and attorney's fees pursuant to 42 USC § 1988.

WHEREFORE, Plaintiff Herbert Robb, as Proposed Personal Representative of the Estate of Allan Robb, deceased, for the benefit of his Estate and his statutory survivors, demands judgment for damages against the Defendant KYLE M. ELLIOTT for the constitutional violations, civil rights violations, and acts and omissions as set forth herein and for all damages allowed by law including compensatory and punitive damages, costs and attorney's fees and further demands trial by jury on all issues so triable.

**COUNT IV. 42 U.S.C. § 1983 – Failure to Render Immediate Aid to Pre-Trial Detainee in Violation of Robb's Due Process Fourteenth Amendment Rights**
(*Against Hannah L Skotzke*)

72. Plaintiff hereby incorporates paragraphs 1 through 31 of this Complaint as if fully set forth herein.

73. This count arises purely out of 42 U.S.C. § 1983 and the Fourteenth Amendment of the United States Constitution. State law claims of limitations and defenses under state law are not applicable to this count.

74. 42 U.S.C. § 1983 provides that:

    Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress . . .

75. Plaintiff and Allen Robb are/were citizens and residents of the United States and the Defendants are a person for purposes of 42 U.S.C. § 1983.

76. The Defendants at all times relevant hereto, were acting under the color of state law in their capacity as law enforcement officers for the City and their acts and/or omissions were conducted within the scope of their official duties or employment.

77. At the time of the complained of events, Allan Robb had a clearly established constitutional right under the Fourteenth Amendment to include but not limited to:

    a. The right not to be deprived of life, liberty or property without due process of law under the Fourteenth Amendment; to receive immediate medical attention after being seized.

78. Any reasonable police officer knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.

79. The Defendants had subjective knowledge of a risk of serious bodily harm to Allan Robb after he was shot by one of the Defendant JOSUE TAVERAS.

80. The Defendants disregarded the risk described above when they failed to make medical aid available within a reasonable time after Allen Robb was shot in the chest, but rather medical aid was utilized over an hour after Allen Robb was shot.

81. The failure to make medical aid available within a reasonable time to Allen Rob caused Allen Robb's lungs to be filled with blood, causing his death.

82. As a proximate result of the Defendants' unlawful conduct, Allan Robb died, and his survivors have suffered damages in amounts to be determined at trial.

**83.** As a result of Allan Robb's death, Plaintiff is entitled to recover all damages allowable for violation of 42 USC § 1983 including compensatory damages, all costs incurred in prosecuting this action and attorney's fees pursuant to 42 USC § 1988.

WHEREFORE, Plaintiff Herbert Robb, as Proposed Personal Representative of the Estate of Allan Robb, deceased, for the benefit of his Estate and his statutory survivors, demands judgment for damages against the Defendant HANNAH L. SKOTZKE for the constitutional violations, civil rights violations, and acts and omissions as set forth herein and for all damages allowed by law including compensatory and punitive damages, costs and attorney's fees and further demands trial by jury on all issues so triable.

## PRAYERS FOR RELIEF

**WHEREFORE,** Plaintiff prays that this Court enter judgment for the Plaintiffs and against each of the Defendants and grant:

A. all allowable damages to Allen Robb's survivors and his estate.

D. punitive damages on all claims allowed by law against all individual

Defendants and in an amount to be determined at trial;

E. attorneys' fees and the costs associated with this action under 42 U.S.C. §

1988, including expert witness fees, on all claims allowed by law;

F. pre- and post-judgment interest at the lawful rate; and,

G. any further relief that this court deems just and proper, and any other

appropriate relief at law and equity.

Respectfully Submitted,

        s/ TOBECHUKU TONY NWAHIRI
        _____
        TOBECHUKU TONY NWAHIRI
        Nwahiri Law, PLLC
        Florida Bar No. 112107
        Lead Counsel for the Plaintiff
        Tobe@NwahiriLaw.com
        13499 Biscayne Blvd., Suite 107, Miami, FL, 33181
        P: 305-345-4117 F: 305-503-4614